UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CLIFTON INGRAM,                                        Case No. 23-CV-0699 (KMM/JFD)

        Plaintiff,

v.                                                                    **ORDER**

SGT. BOOTH,

        Defendant.

---

This matter is before the Court on Plaintiff Clifton Ingram's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 4 ("IFP Application")).

Under the federal statute governing *in forma pauperis* ("IFP") proceedings, "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). As of today's date, Mr. Ingram appears to have made a good-faith effort to pay this action's initial partial filing fee ("IPFF"), even if he has not fully paid. (*See* Dkt. No. 11 (assessing IPFF of $31.26); Dkt. No. 12 (showing $20.00 payment).) The Court therefore deems Mr. Ingram to have "no assets and no means by which to pay" the rest of his IPFF. The Court will therefore grant the IFP Application. Mr. Ingram will need to pay the rest of this action's filing fee under the procedures laid out by 28 U.S.C. § 1915(b)(2), and the Court will order the Clerk of Court to provide notice of this requirement to officials where Mr. Ingram is presently incarcerated.

Normally, the next step would be starting the process of ordering service on any defendants. But here the Court must address a preliminary matter first. As the Court understands the Complaint, Mr. Ingram seeks to press—among other potential causes of action—claims asserting violations of his constitutional rights. (*See, e.g.*, Dkt. 1 at 2.[1]) It is well established that plaintiffs generally cannot press claims directly under the U.S. Constitution; the usual procedural mechanism for bringing such claims is 42 U.S.C. § 1983. *See, e.g.*, *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. . . . [A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." (citing cases)); *Sanvee v. Hennepin Cnty. Hum. Servs.*, No. 10-CV-0527 (RHK/JSM), 2012 WL 4128388, at *14 (D. Minn. Aug. 13, 2012) (making same point (citing cases, including *Azul-Pacifico*)), *report and recommendation adopted*, 2012 WL 4120507 (D. Minn. Sept. 19, 2012), *aff'd*, 598 F. App'x 475 (8th Cir. 2015).

At present, then, Mr. Ingram's action appears to feature claims against an individual defendant—"Sgt. Booth"—under 42 U.S.C. § 1983. A plaintiff can bring § 1983 claims against an individual defendant in that person's individual capacity, official capacity, or both. *See, e.g.*, *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (discussing capacity distinction). The selection affects both the relief which a plaintiff may seek as well as how the individual defendants should be served with process. *See id.*; Fed. R. Civ. P. 4. To

---

[1] Citations to specific pages of filed materials use the page numbers provided by the District's CM/ECF filing system.

perform proper service, then, the Court needs to know the capacities in which Mr. Ingram seeks to sue Mr. Booth.

The Court thus orders Mr. Ingram to submit an addendum specifying the capacity or capacities in which he is suing Mr. Booth for purposes of any § 1983 claims. This addendum should be no more than one page long, and is due within 14 days of this Order's date. If Mr. Ingram fails to submit the required addendum, then the Court will assume that his § 1983 claims against Mr. Booth are official-capacity claims only. *See, e.g.*, *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (citing *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)); *S.A.A. v. Geisler*, No. 21-CV-2071 (PJS/DJF), 2023 WL 5533344, at *2 (D. Minn. Aug. 28, 2023) (citing cases).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Clifton Ingram's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 4) is **GRANTED**.

2. Mr. Ingram must pay the rest of this action's $350.00 statutory filing fee—in this case, $330.00—in the manner required by 28 U.S.C. § 1915(b)(2).

3. The Clerk of Court is ordered to notify authorities at the facility where Mr. Ingram is presently confined of his obligation under 28 U.S.C. § 1915(b)(2).

4. Mr. Ingram is **ORDERED** to submit an addendum (of no more than one page) specifying the capacity or capacities in which he is suing Defendant "Sgt. Booth" for purposes of any § 1983 claims. If he does not submit this addendum within 14 days of this Order's date, the

Court will assume that Mr. Ingram seeks to sue Mr. Booth in his official capacity only.

Dated: September 15, 2023        _s/ John F. Docherty_____
                                 JOHN F. DOCHERTY
                                 United States Magistrate Judge