**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| CLIFTON INGRAM, | Case No. 23-CV-0699 (KMM/JFD) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| SGT. BOOTH, | |
| Defendant. | |

This matter is before the Court on Plaintiff Clifton Ingram's Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 (Complaint, Dkt. No. 1 ("Complaint")). For the following reasons, the Court recommends dismissing this action without prejudice for lack of jurisdiction.

The Court received the Complaint on March 22, 2023. (Compl. 1.) It names a single defendant—a "Sgt. Booth." (Compl. 1.) Mr. Ingram was previously incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota, where Sgt. Booth is apparently a corrections officer. (*See id.* at 2.) Because the Court recommends dismissing this case for jurisdictional reasons, extensive discussion of the Complaint's allegations is unnecessary here; suffice it to say that the Complaint alleges that Sgt. Booth used excessive force on Mr. Ingram during an altercation, and that afterward Mr. Ingram was inappropriately placed in segregation. (*See id.* at 2–3.) For relief, Mr. Ingram seeks monetary damages of $75,000. (*See id.* at 7.)

A federal district court must address any issues affecting its own jurisdiction, even if it has to do so on its own initiative because neither party raised the issue. *See, e.g.*, *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

Mr. Ingram's Complaint runs right into jurisdictional problems. Whatever federal-law claims Mr. Ingram is trying to bring here seem to be constitutional claims. As this Court has explained to Mr. Ingram, "plaintiffs generally cannot press claims directly under the U.S. Constitution; the usual procedural mechanism for bringing such claims is 42 U.S.C. § 1983." (Dkt. No. 14 at 2 (citing cases).) Mr. Ingram's claims here are thus brought under § 1983, and as the Court has also explained to Mr. Ingram, plaintiffs bringing § 1983 claims against individual defendants can do so in those individuals' individual capacities, their official capacities, or both. (*Id.* at 2–3 (same).) The U.S. Court of Appeals for the Eighth Circuit has indicated that when a plaintiff fails to specify the capacity in which he is bringing § 1983 claims, a district court should assume that the plaintiff is bringing the claims against the defendant in their official capacity only. (*See id.* at 3 (same).)

In an earlier order, this Court explained this situation to Mr. Ingram, noted that the Complaint did not specify the capacity in which Mr. Ingram was suing Mr. Booth, and ordered Mr. Ingram to submit a brief addendum addressing the individual-or-personal capacity issue. (*See id.*) The Court specifically noted that if Mr. Ingram failed to do so, then the Court would follow Eighth Circuit precedent and treat his § 1983 claims as official-capacity claims. (*See id.*) Mr. Ingram did not file the required addendum, so the Court will

now do what it told Mr. Ingram it would do and treat the § 1983 claims against Sgt. Booth as official-capacity claims.

Unfortunately for Mr. Ingram, that dooms the claims. Sgt. Booth is a corrections officer employed by the State of Minnesota (through the State's Department of Corrections). This raises the issue of Eleventh Amendment sovereign immunity. When a plaintiff sues a state official in their official capacity, the claims are not "against the official" but "rather . . . against the official's office," which means they are "no different from [claims] against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing cases); *see also, e.g.*, *Glasgow v. Nebraska*, 819 F.3d 436, 441 n.5 (8th Cir. 2016) (making same point (citing *Will*)). So Mr. Ingram's official-capacity claims against Sgt. Booth translate to claims against the State of Minnesota.

But under the U.S. Constitution's Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. And the Supreme Court has decided that the Eleventh Amendment not only bars lawsuits against states by citizens of another state, but also bars suits against states by their own citizens. *See, e.g.*, *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2258 (2021) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). This sovereign immunity deprives district courts of jurisdiction over such cases: under Eleventh Amendment sovereign immunity, "courts may not ordinarily hear a suit brought by any person against a nonconsenting State." *Torres v. Tex. Dep't of Pub. Safety*, 142 S. Ct. 2455, 2461 (2022) (citing *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)); *Cooper v. St.

3

*Cloud State Univ.*, 226 F.3d 964, 968 (8th Cir. 2000) (making same point (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).

Nothing in the Complaint suggests that the State of Minnesota has consented to suits like Mr. Ingram's. This Court thus lacks jurisdiction over Mr. Ingram's official-capacity claims against Mr. Booth.

Congress has reinforced the importance of Eleventh Amendment sovereign immunity when it comes to plaintiffs such as Mr. Ingram. Rather than pay this action's filing fee, Mr. Ingram applied to proceed *in forma pauperis* ("IFP"). The Court granted Mr. Ingram's application. (See Dkt. No. 14 at 3.) But under the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Mr. Ingram seeks monetary relief against Sgt. Booth, but Sgt. Booth is "a defendant who is immune from such relief."[1]

The Court therefore recommends dismissing the Complaint without prejudice.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff Clifton Ingram's Complaint for

---

[1] Of course, whether Mr. Ingram paid the filing fee or not, the Eleventh Amendment would still immunize the State of Minnesota (and through it, Sgt. Booth) from suit, but apparently Congress thought the point should be reinforced.

4

Violation of Civil Rights Under 42 U.S.C. § 1983 (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: November 2, 2023        _s/ John F. Docherty_
                                           JOHN F. DOCHERTY
                                           United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).