UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Clifton Ingram, | No. 23-cv-699 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Sgt. Booth, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Application to Proceed In Forma Pauperis ("IFP") on Appeal. ECF 21. On May 15, 2024, the Court adopted the Report and Recommendation of Magistrate Judge John F. Docherty and dismissed this case without prejudice for lack of subject matter jurisdiction. ECF 163. Plaintiff seeks to appeal that dismissal and to do so without paying the $605 appellate filing fee.

Under 28 U.S.C. § 1915, this Court may authorize a party to proceed without prepayment of fees, costs, or security, on the affidavit of the party testifying that he is unable to pay such costs, describing the nature of the appeal and his belief that he is entitled to redress. According to this statute, which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners who are granted IFP status are not excused from paying the appellate filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants

to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

Based on a review of Plaintiff's submission, he has shown he is entitled to in forma pauperis status on appeal. Under Eighth Circuit law, by filing the notice of appeal, a prisoner is liable for the full $605 filing fee "regardless of the outcome of the appeal." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). To pursue the appeal, a person subject to the PLRA must ordinarily first pay an initial partial appellate filing fee, 28 U.S.C. § 1915(b)(1), and he "consents to the deduction of the initial partial appellate filing fee and the remaining installments from [his] prison account by prison officials." *Henderson*, 129 F.3d at 484. The initial partial appellate filing fee is 20% of the greater of average monthly deposits or the average monthly balance in Plaintiff's trust account over the last six months. *See* 28 U.S.C. § 1915(b)(1)(A)–(B).

Based on the information in the record,[1] the Court finds that Plaintiff is financially eligible to proceed IFP on appeal, and he does not have the assets or means to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). This finding does not relieve Plaintiff of his obligation to pay the full $605 appellate filing fee

---

[1] *See* ECF 14 (granting district court IFP application with a finding that Plaintiff had "no assets and no means by which to pay the initial partial filing fee"); ECF 21 (showing no assets or income and averring that Plaintiff has "no income" while incarcerated at MCF Rush City).

and the funds to cover that fee shall be deducted from Plaintiff's prison account as they become available.

Accordingly, **IT IS HEREBY ORDERED that**

1. Plaintiff's Application to Proceed In Forma Pauperis on Appeal, ECF 21, is **GRANTED**.

2. Plaintiff must pay the unpaid balance ($605.00) of the statutory filing fee for his appeal in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Date: October 15, 2024             *s/Katherine Menendez*
                                   Katherine Menendez
                                   United States District Judge